**SCHEPER KIM & HARRIS LLP**
DAVID C. SCHEPER (State Bar No. 120174)
dscheper@scheperkim.com
WILLIAM H. FORMAN (State Bar No. 150477)
wforman@scheperkim.com
JEAN M. NELSON (State Bar No. 150856)
jnelson@scheperkim.com
601 West Fifth Street, 12th Floor
Los Angeles, CA  90071-2025
Telephone: (213) 613-4655
Facsimile:  (213) 613-4656

**Attorneys for Defendant**
**Peter L. Jensen**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>     v.<br><br>PETER L. JENSEN AND THOMAS C. TEKULVE, JR.,<br><br>            Defendants. | CASE NO. CV11-05316 R (AGRx)<br>[Assigned to Hon. Manuel L. Real]<br><br>**DEFENDANT PETER L. JENSEN'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:    September 17, 2012<br>Time:    10:00 a.m.<br>Crtrm.:  8<br><br>Trial Date: October 16, 2012 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Peter Jensen, by his undersigned counsel, on September 17, 2012 at 10:00 a.m. in Courtroom 8 of the United States District Court for the Central District of California, Central Division, 312 N. Spring St., Los Angeles, CA 90012, or at such other time and place as the Court may direct, will and hereby does move this Court for an order granting Mr. Jensen's Motion for Partial Summary Judgment.

This Motion for Partial Summary Judgment is made under Federal Rule of Civil Procedure 56 and Local Rule 56-1, and seeks partial summary judgment in Mr. Jensen's favor on the following claims and remedies asserted by Plaintiff the Securities and Exchange Commission ("SEC"):

1. The First Cause of Action, Violation of Section 17(a)(1) of the Securities Act of 1933 ("Securities Act"), as it pertains to the VLC and WSS transactions;

2. The Second Cause of Action, Violations of Section 10(b) of the Securities and Exchange Act of 1934 ("Exchange Act") and Rule 10(b)(5), as they pertain to the VLC and WSS transactions;

3. The Third Cause of Action, Violations of Section 13(a) of the Exchange Act and Rule 12b-20, 13a-1 and 13a-13, as it pertains to the aiding and abetting liability for the VLC and WSS transactions;

4. The Second and Third Causes of Action, Violations of Section 20(a) of the Exchange Act, as they pertain to the VLC and WSS transactions;

5. The SEC's remedies of disgorgement and of Sarbanes-Oxley Act Section 304 reimbursement as applied to proceeds of the sale of Basin Water stock by Mrs. Jensen;

6. The SEC's remedy of disgorgement against Mr. Jensen for all proceeds realized from sale of Basin Water stock, regardless as to whether any portion of the proceeds realized was inflated by the alleged misrepresentations, if any; and

7. The Seventh Cause of Action, Violation of Section 304, against Mr. Jensen for reimbursement of proceeds from the sale of Basin Water stock.

The SEC's claims and remedies against Mr. Jensen, which are the subject of this motion, are asserted under: (1) Section 17(a) of the Securities Act, 15 U.S.C. §77q(a); (2) Section 10(b) of the Exchange Act, 15 U.S.C. §78j(b) and §78t(a), SEC Rule 10b-5, 17 C.F.R. § 240.10b-5; (3) Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and SEC Rules 12b-20, 13a-1, and 13a-13, 17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13; (4) Section 304 of the Sarbanes-Oxley Act, 15 U.S.C. §§7243(a)(1) and 7243(a)(2); and (5) caselaw concerning disgorgement remedies and calculations.

As more fully explained in Mr. Jensen's accompanying memorandum of points and authorities, the SEC cannot meet its burden of establishing a genuine issue for trial on the foregoing claims. The SEC's claims fail for a variety of reasons, including, *inter alia*, that (a) there is no evidence that Mr. Jensen had any scienter as to the VLC and WSS transactions; (b) there is no evidence that Mr. Jensen was a control person of Basin Water during the WSS and VLC transactions; (c) even if the SEC could prevail at trial, the SEC is not entitled to proceeds from sales of Lorna Jensen's Basin Water shares; (d) the SEC is not entitled to an order disgorging all of the proceeds realized by Mr. Jensen from the sale of his Basin Water stock; and (e) there is no evidence that Mr. Jensen realized any profits from the sale of his Basin Water stock that are subject to reimbursement under Section 304 or, in the alternative, that any reimbursement must be limited to, at most, the inflation of any proceeds realized by Mr. Jensen that was caused by the alleged misrepresentations.

This motion is based on this Notice and Motion for Partial Summary Judgment, the Memorandum of Points and Authorities in support thereof, the Statement of Uncontroverted Facts and Proposed Conclusions of Law, the Request

1 | for Judicial Notice, the Declaration of Peter L. Jensen, the Declaration of Keith R. Solar and the exhibits attached thereto, the Declaration of David C. Scheper and the exhibits attached thereto, and such further evidence and argument as the Court may deem appropriate.

DATED: August 20, 2012        SCHEPER KIM & HARRIS LLP
                              DAVID C. SCHEPER
                              WILLIAM H. FORMAN
                              JEAN M. NELSON


                              By: /s/ David C. Scheper
                                  David C. Scheper
                                  Attorneys for Defendant Peter L. Jensen